```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

BIANCA BUCANO and                     :
MELISSA BUCANO,                       :CIVIL ACTION NO. 3:12-CV-606
                                      :
         Plaintiffs,                  :(JUDGE CONABOY)
                                      :(Magistrate Judge Blewitt)
         v.                           :
                                      :
JUDGE JENNIFER SIBUM, et al.,         :
                                      :
         Defendants.                  :
                                      :

## **MEMORANDUM**

Here we consider Magistrate Judge Thomas M. Blewitt's Report and Recommendation filed on December 27, 2012, in which he recommends dismissal of Plaintiff's consolidated civil action. (Doc. 40.) On January 7, 2013, Plaintiff Bianca Bucano filed an untitled document in which she objects to some aspects of the Report and Recommendation. (Doc. 41.) The Court granted Plaintiff Melissa Bucano two extensions of time to file objections. (Docs. 43, 46.) Plaintiff Melissa Bucano has not filed objections and the time for doing so has passed.

## **I. Background**

The procedural and factual backgrounds of this case are convoluted and unnecessarily complicated. Given the rambling nature of Plaintiffs' filings, Magistrate Judge Blewitt adequately summarizes Plaintiffs' claims and their asserted bases. (*See* Doc. 40.) We will not repeat that recitation here particularly in light of the fact that the objections filed find fault with Magistrate

Judge Blewitt's conclusions rather than asserted facts. (*See* Doc. 41.)

## II. Discussion

### A. *Legal Standards*

Because Magistrate Judge Blewitt performed the initial screening required by 28 U.S.C. § 1915(e) which applies the same standards as a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 40), and because Plaintiff Bianca Bucano subsequently filed a document which we construe as objections (Doc. 41), we will first set out the appropriate legal standards.

### 1. Initial Screening

The Prison Litigation Reform Act ("PLRA")[1] requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the court must construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969

---

[1] Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996).

F.2d 39, 42 (3d Cir. 1992). The court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court need not credit a pro se plaintiff's bald assertions or legal conclusions. *Id.*

A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is frivolous is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A complaint is dismissed for failure to state a claim based upon the same standards used in reviewing a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). We set out this standard in detail below.

**2. Motion to Dismiss Standard**

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief." The "short and plain statement" must be sufficient to "give the defendant fair notice of

3

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

*McTernan,* 577 F.3d at 530. *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal

5

conclusions are not entitled to the same deference as well-pled facts. As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**3. Report and Recommendation Review Standard**

When a plaintiff files objections to a magistrate judge's report, the reviewing court conducts a *de novo* review of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1). To warrant *de novo* review, the objections must be both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The court may accept, reject or modify, in whole or in part, the findings made by the magistrate judge. 28 U.S.C. § 636(b)(1). Uncontested portions of the report are reviewed for clear error. *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

*B. Report and Recommendation*

With this Report and Recommendation, Magistrate Judge Blewitt screened three documents: an amended complaint filed by Plaintiffs

6

Bianca Bucano, Melissa Bucano and Christopher Bucano on July 24, 2012 (Doc. 23); an amended complaint filed by Plaintiff Melissa Bucano on July 24, 2012 (Doc. 26); and the complaint filed in Civil Action 3:12-CV-1450 on August 1, 2012, and consolidated into Civil Action 3:12-CV-606 by Order of August 13, 2012 (Doc. 32). For convenience sake, we refer to these documents as "Amended Complaint A," "Amended Complaint B," and "Complaint C" respectively.

**1. Amended Complaint A**

We concur with Magistrate Judge Blewitt that the amended complaint naming Plaintiffs Bianca, Melissa and Christopher Bucano (Doc. 23) ("Amended Complaint A") should be dismissed with prejudice. (Doc. 40 at 14.) The five claims stated therein were not allowed by the Court's previous Memorandum and Order (Docs. 19, 20), and, to the extent they were previously raised, have been rejected (*see* Doc. 19 at 16-18).

Plaintiff Bianca Bucano objects to the recommendation that her claims against Judge Sibum be dismissed with prejudice. (Doc. 41 at 1.) The averments made in this document are not cognizable objections because they do not relate to the claims made in Amended Complaint A (Doc. 23) and/or they are not within the scope of amendment allowed by the Court's previous Memorandum and Order (Docs. 19, 20). Of particular note is the assertion (liberally interpreted) that Judge Sibum's actions regarding Melissa's confinement were retaliatory toward Bianca with the purpose of

7

forcing Bianca to sign a plea agreement. (Doc. 41 at 1-2.) The Court's Memorandum and Order of June 25, 2012, allowed amendment of Plaintiffs' claim regarding Plaintiff Melissa Bucano's confinement on suicide watch and in a restrictive setting. (Doc. 19 at 5-15, 20; Doc. 20 at 1.) Arguably, the assertion connecting Melissa's confinement to retaliation against Bianca is within the scope of what the Court allowed. The problem is that Bianca did not raise such a claim in Amended Complaint A (Doc. 23) and she is not named as a plaintiff in Amended Complaint B (Doc. 26) which names only Melissa Bucano as Plaintiff. "[T]he opportunity to object to a Magistrate Judge's Report and Recommendation is not an opportunity to file a second amended complaint." *George v. Boise Cascade*, Civil Action No. 1:08-CV-2113, 2009 WL 3335907, at *2 (M.D. Pa. Oct. 14, 2009) (citing *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)). Although the assertion made in Bianca's objection document may speak to a permitted claim, she has not asserted the claim in a recognized manner. Therefore, we conclude Amended Complaint A fails to state a claim upon which relief may be granted and is properly dismissed.

Regarding the futility of further amendment, we cannot say amendment would be futile. As discussed at length in the Court's previous Memorandum in which we considered the application of the doctrine of judicial immunity to the facts of this case (Doc. 19 at 11-15), if Judge Sibum had any role in placing Plaintiff Melissa

8

Bucano in restrictive custody the question must be addressed whether these were "judicial acts" for which she would be entitled to absolute immunity (*id.* at 13). The potential issue raised by Plaintiff Bianca Bucano in her objection document (Doc. 41) could add another layer to the judicial immunity inquiry. Under Pennsylvania Federal Rules of Criminal Procedure, the trial judge is not permitted to interfere with plea negotiations. Pa. R. Crim. P. 319(b)(1); Fed. R. Civ. P. 11(c)(1). "The purpose of these rules is to 'protect the parties against pressure to settle criminal cases on terms favored by the judge.'" *United States v. Clark*, Crim. A. No. 94-525, 95-071, Civ. A. No. 96-6013, 96-6013, 1996 WL 729812, at *8 (E.D. Pa. Dec. 19, 1996) (quoting *United States v. Andrade-Larrios*, 39 F.3d 986, 989 (9th Cir. 1994)). Plaintiff Bianca Bucano alleges that Judge Sibum's purpose for Melissa's restrictive confinement was to influence plea negotiations--something clearly prohibited. We will therefore allow Plaintiff Bianca Bucano to raises the claim made in her objection document in a properly filed complaint subject to very specific requirements.

Due to the procedural entanglements in this case and others filed by these Defendants,[2] in the interest of administrative efficiency and procedural clarity, Plaintiff Bianca Bucano may file

---

[2] Difficulties have been exacerbated by the fact that Plaintiffs Bianca and Melissa Bucano are currently incarcerated at different facilities.

9

*her own claim* (to be filed as a separate case and assigned a new number) against Judge Sibum based on the alleged retaliatory nature of Judge Sibum's direction that Melissa be held on suicide watch or on B status in G Unit. To repeat, this allowance is *very* limited: Plaintiff Bianca Bucano may file her own case as a single Plaintiff against single Defendant Judge Sibum raising a single claim of retaliation related *only* to the Judge's alleged direction that Melissa be subjected to specific confinement on suicide watch or B status on G unit in retaliation for Plaintiff Bianca Bucano's plea related matters. Failure to abide by this directive will result in dismissal with prejudice of any offending filing in its entirety.

**2. Amended Complaint B**

Regarding Plaintiff Melissa Bucano's filing (Doc. 26) ("Amended Complaint B"), we agree with Magistrate Judge Blewitt that many of Melissa's claims are properly raised in a 28 U.S.C. § 2254 habeas petition which may be brought in federal court after state court remedies are exhausted. (Doc. 40 at 19.) We further agree that Judge Sibum is immune from suit for all actions taken within her official capacity (*see* Doc. 40 at 20-21), and Melissa fails to allege the personal involvement of Judge Sibum or anyone else regarding her deprivation claims based on the condition of her cell, and food, clothing, glasses, toilet and shower issues (*see* Doc. 26 at 7-8; Doc. 40 at 27). Because these allegations regarding conditions of confinement are not cognizable against

10

Judge Sibum and Melissa does not name any other Defendant or identify the individual(s) responsible for the alleged wrongdoing, these claims are properly dismissed.

However, as noted in our previous Memorandum, the issue which gives us pause is Judge Sibum's alleged role in Plaintiff Melissa Bucano being held on suicide watch and assigned to a restrictive housing setting. (*See* Doc. 19 at 5-15.)  Melissa's amended filing contains additional allegations on this issue (*see*, *e.g.*, Doc. 26 at 11-12) which we deem sufficient to require Judge Sibum to respond to assertions regarding her role in Plaintiff Melissa Bucano's confinement on suicide watch and in the B status in G Unit.

To be clear, this is the *only* claim in Amended Complaint B (Doc. 26) which goes forward.  Plaintiff's claims regarding the condition of her cell, and food, clothing, glasses, toilet and shower issues (Doc. 26 at 7-8) are dismissed without prejudice.  If Plaintiff Melissa Bucano wishes to pursue these claims, she may file them in a separate civil action, naming as defendants specific individuals responsible for alleged wrongdoing and identifying the harm done by each.[3]  All other claims which Amended Complaint B may

---

[3] Plaintiff Melissa Bucano acknowledges in her pleading that she has not filed grievances concerning the facts related to her complaint. (Doc. 26 at 1.)  The PLRA prohibits an inmate from bringing a civil rights action alleging wrongdoing by prison officials until the inmate has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  Exhaustion may be excused in certain circumstances, including where the grievance process is

11

be construed to contain are dismissed with prejudice.

**3. Complaint C**

The original Complaint (Doc. 1) filed by Plaintiffs Bianca Bucano and Melissa Bucano in Civil Action Number 3:12-CV-1450 ("Complaint C"), contains numerous allegations diligently parsed and analyzed by Magistrate Judge Blewitt. He concludes that all the claims contained in this filing should be dismissed, most of them without prejudice. (*See* Doc. 40 at 29-55.) We agree.

In the interest of administrative efficiency and procedural clarity, we direct Plaintiffs Bianca Bucano and Melissa Bucano that, if either chooses to pursue claims contained in Document 1 of Civil Action 3:12-CV-1450, they are to file *separate* civil actions, each raising her own claims and naming as defendants the specific individuals responsible for wrongdoing alleged and identifying the harm done by each.[4] If Plaintiff Melissa Bucano chooses to file

---

deemed unavailable because prison officials have precluded an inmate from exhausting prison grievances. *See*, *e.g.*, *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *see also Rister v. Lamas*, No. 4:CV-10-1574, 2011 WL 2471486, at *3 (M.D. Pa. June 21, 2011) (listing cases). While failure to exhaust is to be raised as an affirmative defense, the court may *sua sponte* raise the issue if it is apparent from the face of the complaint that the plaintiff has failed to exhaust administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 296 (3d Cir. 2002). Here the claims we have dismissed without prejudice are not dismissed on exhaustion grounds because Plaintiff Melissa Bucano alleges that prison officials denied her requests for grievance forms. (Doc. 26 at 1.) Therefore, this is potentially a case where exhaustion would be excused.

[4] For the reasons previously set out in the margin, we do not dismiss claims on exhaustion grounds. *See supra* n.2.

such a pleading, she is directed to include in the complaint her civil rights claims contained in the original filing of 3:12-CV-1450 *and* the claims related to the condition of her cell, and food, clothing, glasses, toilet and shower issues found in Document 26 of Civil Action Number 3:12-CV-606 which are dismissed without prejudice as discussed in the previous section of this Memorandum.

**4.   Motion for R.O.R. Bail Pending Appeal**

We concur with Magistrate Judge Blewitt that Plaintiffs' Motion for R.O.R. Bail Pending Appeal (Doc. 29) is properly denied. (*See* Doc. 40 at 55-58.)

### III. Conclusion

For the reasons discussed above, the Report and Recommendation (Doc. 40) is adopted in part.

Amended Complaint A (Doc. 23) filed by Plaintiffs Bianca Bucano, Melissa Bucano, and Chistopher Bucano is dismissed with prejudice.

Amended Complaint B (Doc. 26) filed by Plaintiff Melissa Bucano goes forward only as to Plaintiff Melissa Bucano's claim against Judge Sibum regarding allegations that Judge Sibum directed that Melissa be subjected to specific confinement on suicide watch and B status on G unit.  Plaintiff Melissa Bucano's claims regarding the condition of her cell, and food, clothing, glasses, toilet and shower issues contained in Amended Complaint B (Doc. 26 at 7-8) are dismissed without prejudice.  All other claims in

13

Amended Complaint B (Doc. 26) are dismissed with prejudice.

Because Plaintiff Melissa Bucano's claim against Judge Sibum regarding placement on suicide watch and on B status in G unit is the only claim which goes forward in Civil Action 3:12-CV-606, this action now has one Plaintiff (Melissa Bucano), one Defendant (Judge Jennifer Sibum), and one claim (that Judge Sibum directed Melissa Bucano to be held on suicide watch and on B status in G unit). Accordingly, the Court will direct that service be effected on Judge Jennifer Sibum by the United States Marshal's office.

Complaint C, the original Complaint (Doc. 1) filed by Plaintiffs Bianca and Melissa Bucano in Civil Action Number 3:12-CV-1450, and incorporated into 3:12-CV-606 (Doc. 32), is dismissed without prejudice.

Plaintiffs' Motion for R.O.R. Bail Pending Appeal (Doc. 29) is denied.

Plaintiff Bianca Bucano is granted leave to file further civil actions in this Court *subject to specific directives and limitations*. First, on or before July 8, 2013, Plaintiff Bianca Bucano may file a new case asserting *her own claim* against Judge Sibum based on the alleged retaliatory nature of Judge Sibum's direction that Melissa be held on suicide watch and on B status in G Unit--this complaint is to have one plaintiff (Bianca Bucano), one defendant (Judge Jennifer Sibum), and one claim. As noted above, failure to abide by this directive will result in dismissal

14

with prejudice of any offending filing in its entirety.

Second, on or before July 8, 2013, Plaintiff Bianca Bucano may file a new case raising her own civil rights claims that are dismissed without prejudice from Complaint C, the original Complaint filed in Civil Action 3:12-CV-1450 (Doc. 1). Should she choose to file such a complaint, Plaintiff Bianca Bucano is to identify the harm done to her specifically (she is to be the only named plaintiff), and name as defendants the specific individuals responsible for the wrongdoing alleged and identify the harm done by each. The filing of any complaint with multiple plaintiffs or without adequately identified defendants/claims will result in dismissal with prejudice.

On or before July 8, 2013, Plaintiff Melissa Bucano may file a new case raising her own claims that are dismissed without prejudice from Complaint C, the original Complaint filed in Civil Action 3:12-CV-1450 (Doc. 1) and/or the claims related to the condition of her cell, and food, clothing, glasses, toilet and shower issues found in Amended Complaint B (Doc. 26 at 7-8) which are dismissed without prejudice. Plaintiff Melissa Bucano is to identify the harm done to her specifically (she is to be the only named plaintiff), and name as defendants the specific individuals responsible for the wrongdoing alleged and identify the harm done by each. The filing of any complaint with multiple plaintiffs or without adequately identified defendants/claims will result in

15

dismissal with prejudice.

An appropriate Order is entered simultaneously with this Memorandum.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: June 6, 2013 _____